

AO 91 (Rev. 08/09)  Criminal Complaint

AUSA Kevin Mulcahy

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| United States of America | ) | **Case:2:10-mj-30425** |
|---|---|---|
| v. | ) | **Judge: Unassigned,** |
| STEVEN W. DEMINK | ) | **Filed: 10-14-2010 At 09:44 AM** |
|  | ) | **STEVEN W. DEMINK (LCB)** |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2010 thru September 2010__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography |
| 18 U.S.C. §§ 2252(a)(2); 2252A(a)(2) | Receipt or distribution of child pornography |
| 18 U.S.C. §§ 2252(a)(4)(B); 2252A(a)(5)(B) | Possession of child pornography |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Theodore Wolters, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __10/14/10__

_____
Judge's signature

City and state: __Detroit, MI__     Mona K. Majzoub, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

STATE OF MICHIGAN            :

                                     : ss.  A F F I D A V I T

COUNTY OF WAYNE              :

I, Theodore Wolters, being duly sworn, depose and state:

1.   I am a Special Agent (SA) with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to The Office of the Special Agent in Charge/Detroit, Michigan (SAC/DT), and have been so employed since August 2007. I am also a graduate of the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to my time with ICE, I was employed with Customs and Border Protection (CBP) as an officer for approximately three (3) years. As part of my daily duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in many forms of media, including computer media. In addition, in 2009, I attended the U.S. ICE Internet Child Exploitation Undercover investigation training and am certified to conduct ICE Internet undercover investigations.

1

2. This criminal complaint is made in support of an application for a warrant to arrest Steven W. DEMINK (date of birth: 06/26/1969), for evidence of violations of Title 18, United States Code, Sections 2251(a), 2252A(a)(2) and 2252A(a)(5)(B) which pertain to the illegal manufacturing, receipt, distribution and possession of child pornography.

3. Because this criminal complaint is being submitted for the limited purpose of establishing probable cause to issue a complaint and secure an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that DEMINK has violated 18 U.S.C. §§ 2251(a), 2252A(a)(2) and 2252A(a)(5)(B).

4. As a result of the investigation described more fully below, there is probable cause to believe that DEMINK has violated Title 18 U.S.C. §§ 2251(a), 2252A(a)(2) and 2252A(a)(5)(B). Specifically, the investigation thus far has shown that Steven DEMINK has aided, abetted, encouraged, and coerced the production of child pornography, by directing various women throughout the country to commit sexual assaults on their children at his direction and take pictures of that conduct. DEMINK also distributed, received, and possessed child pornography at his home in Redford, Michigan.

## SEARCH WARRANT EXECUTION OF THE DEMINK RESIDENCE AND CONSENSUAL INTERVIEW WITH DEMINK

5. On September 2, 2010, HSI agents executed a Federal search warrant at the residence of DEMINK located at 9207 San Jose, Redford, Michigan. Many items were seized including a Compaq desktop computer from DEMINK's bedroom. A computer forensic preview of DEMINK's Compaq desktop computer located several suspected child pornographic images and videos.

6. On that same date, DEMINK consented to an interview with HSI agents. During the interview, DEMINK admitted to creating and using an email address and online screen name of daltonst28@yahoo.com. DEMINK also admitted to creating the Daltonst28 SingleParentMeet.com screen name and profile. DEMINK claimed that he created the Dalton St. Clair persona to meet women and would speak to women under the guise of Dalton St. Clair. DEMINK stated that he remembers parts of the conversations he had with a woman while using his Dalton St. Clair persona, whereby, she did perform sexual acts on her children and that he viewed the acts via webcam. (As part of this investigation and prior to the execution of the search warrant at DEMINK's home, agents from ICE had followed a lead about a Wendy Beighley of Idaho, who sexually assaulted her five year-old child and claimed to do so at the behest of an online chat partner named Dalton St. Clair). During the interview of Demink, DEMINK did not specifically recall Beighley's name or any of Beighley's screen names. DEMINK also stated that he believed the sexual abuse between Beighley and her children took place over web cam and that he does not recall receiving any images of the abuse through email.

7. During the interview, DEMINK also claimed that he has chatted with three (3) other women who had sexual contact with their children. DEMINK was able to describe in general the body structures of the women and ages of their children. All of the children's ages were under the age of eighteen (18). One in particular, Candice DOE-1 ((DOE-1) last name withheld to protect the victims), sent him photos of her molesting her son, age fourteen (14), and daughter, age ten (10), to his email account Daltonstj2@aol.com. The other two (2) women may have also sent him child pornographic photos to his email accounts, but DEMINK does not specifically recall any.

3

DEMINK identified the other two (2) women as Rebecca DOE-2 ((DOE-2) last name withheld to protect the victims), and Nick DOE-3 ((DOE-3) last name withheld to protect the victims). DEMINK further stated that he has sent suspected child pornography via email or through the use of file sharing programs such as Bearshare and emule, but does not really actively seek to receive child pornographic images. Finally, DEMINK remembered purchasing or attempting to purchase a subscription to an online child pornography website several years earlier.

8. On September 30, 2010, the computer forensics examination of DEMINK's Compaq desktop computer located several suspected child pornographic images and videos. Several of the recovered images involved an adult female nude and a nude male who appeared to be under the age of 18 engaged in various sexual acts. The following list, although not complete, describes some of the sexually explicit images located on DEMINK's desktop computer:

    1. Image 1: The image depicts a minor boy (hereinafter referred to as MV-3) nude, lying on his back on a bed that has a red sheet. A nude adult female is partially lying on top of MV-3 and she is placing MV-3's penis in her mouth.

    2. Image 2: The image depicts MV-3 nude, lying on his back on a bed that has a red sheet. A nude adult female is partially lying on top of MV-3 and has her hands on his penis.

    3. Image 3: The image depicts MV-3 nude lying on his side on a bed that has a red sheet. MV-3 has his legs spread and is his genitals are visible for the camera.

## EXECUTION OF SEARCH WARRANT FOR DALTONSTJ2@AOL.COM

9.      On September 9, 2010, HSI agents sought, obtained and executed a Federal search warrant for a certain account controlled by the Internet service provider known as America Online (AOL), headquartered at 22000 AOL Way, Dulles, Virginia, in the Eastern District of Virginia. The account to be searched belonged to Steven DEMINK with the e-mail account of Daltonstj2@aol.com.

10.     On September 30, 2010, your affiant reviewed the search warrant results from AOL regarding e-mail account Daltonstj2@aol.com.

11.     Found within the e-mail account were numerous e-mail messages exchanged between Daltonstj2@yahoo.com and DOE-1. The exchanges began around March 17, 2010, and ended around April 14, 2010. Found attached to numerous email messages sent from DOE-1 to Daltonstj2@yahoo.com were images of MV-1 and MV-2 nude alone together. In total, well over one hundred (100) images on MV-1 and MV-2 nude were sent in the emails from DOE-1 to Daltonstj2@yahoo.com. In many of the images sent from DOE-1 to Daltonstj2@yahoo.com, there was an adult female nude and one of the Minor Victims nude or MV-1 and MV-2 nude alone together. According to DOE-1, in one of the emails sent to Daltonstj2, the age of MV-1 is thirteen (13). The age of MV-2 although unlisted visually appears to be much younger than MV-1 in the images. The following list, although not complete, describe some of the sexually explicit images sent from DOE-1 to Daltonsjt2:

    a.      Image 1:        The image depicts MV-1 and MV-2 nude on a bed. MV-1 is lying on his back on the bed with MV-1's feet touching the floor. MV-2 is sitting next to MV-1 and MV-2's hand is holding MV-1's penis.

b. Image 2: The image depicts an adult female and MV-1 nude on what appears to be the same bed as in image 1. MV-1 is lying on his back on the bed with MV-1's feet touching the floor. An adult female is sitting next to MV-1 on the bed and the adult female's hand is holding MV-1's penis.

c. Image 3: The image depicts MV-1 nude standing with MV-1's hands on his hips. The same adult female as in Image 2 is sitting or kneeling in front of MV-1 and MV-1's penis is in the adult female's mouth.

12. Also found within the Daltonstj2@aol.com email account were numerous e-mail messages exchanged between Daltonstj2@yahoo.com and DOE-2. The e-mails also had multiple images attached to them. All were sent from DOE-2 to Daltonstj2@yahoo.com and contained images of MV-3 nude. Your affiant was able to match up the subjects in the photos found in paragraph 8 with the images sent from DOE-2 to daltonstj2@aol.com and determined that they were an exact match. The email exchanges between DOE-2 and Daltonstj2@yahoo.com began around July 2009, and ended around December 2009.

## SEARCH WARRANT EXECUTION AND INTERVIEW WITH DOE-1 THE CONTROLLER OF YAHOO! EMAIL ACCOUNT FOR DOE-1

13. On October 5, 2010, HSI Agents executed a Federal search warrant at 1643 Linwood Ave., Alva, Fl, the believed residence for DOE-1. Subsequent to the warrant, simultaneous "knock and talks" were conducted in the vicinity of the residence. HSI Agents subsequently located DOE-1 and one (1) of her minor children.

14. On same date, DOE-1 was interviewed by the Lee County Sheriff's Office in Fort Myers, FL and HSI Agents. The following interview with DOE-1 is in sum, but is not verbatim:

DOE-1 stated the she met who she believed to be Dalton St. Clair (DEMINK) on a dating website. She mentioned to DEMINK that MV-1 has mental issues. Dalton stated to her that since he has a PhD in Psychology he could help. DEMINK stated to her that she needed to "re-train" MV-1, meaning treat him like a child again. The directions from DEMINK started at holding and cuddling MV-1. Then it progressed into DOE-1 being nude around the home and eventually MV-1 and MV-2 had to be nude also. DEMINK further instructed DOE-1 to take showers with MV-1 and finally the conversations turned toward sexually abusing MV-1 and MV-2. DOE-1 would start and resist only to be directed further by DEMINK to do what he was asking her to do. DEMINK made statements to DOE-1 such as "put your sons penis in your mouth". When MV-1 and/or MV-2 would resist the sexual abuse and the photographing of the abuse, DEMINK made promises of trips and/or material objects such as a Play Station 3.

15. Immediately after the interview, DOE-1 was arrested by the Lee County Sheriff's Office for aggravated sexual battery and capital sexual battery of a minor child.

16. Both MV-1 and MV-2 were also interviewed by HSI Victim and Witness Specialists, whereby, both disclosed the sexual abuse in detail.

## SEARCH WARRANT EXECUTION AND INTERVIEW WITH DOE-2 THE CONTROLLER OF HOTMAIL EMAIL ACCOUNT FOR DOE-2

17. On October 8, 2010, HSI Agents executed a Federal search warrant at the residence of DOE-2 located at 200 Groveland Road, Virginia Beach, VA.

18. On same date, DOE-2 was interviewed by the Lee County Sheriff's Office in Fort Myers, FL and HSI Agents. The following interview with DOE-2 is in sum, but is not verbatim:

7

DOE-2 stated that she met a man she believed to be Dalton St. Clair (DEMINK) on an online dating website. DOE-2 further stated that as her relationship began to progress with DEMINK, DEMINK stated to her the both he and his daughter Larissa, age 12, were both nudists and both DOE-2 and MV-3 would have to become nudists as well. DOE-2 claims that she agreed to become a nudists for DEMINK with hopes of them having a relationship. DOE-2 stated that DEMINK at first started with asking her to be nude around the house and then wanted MV-3 to be nude as well. Later on, DEMINK wanted to see her nude in the shower and then with MV-3. Moreover, DOE-2 stated that DEMINK then wanted her to kiss MV-3 and to finally have MV-3 put his penis in DOE-2's mouth and vagina. DEMINK stated that DOE-2 needed to do this in order for MV-3 to become a man. DOE-2 further stated DEMINK knew her son was only fifteen (15) years old when DEMINK directed her to sexually abuse MV-3. DOE-2 stated that DEMINK sent her nude pictures that purported to be his 12 year-old daughter Larissa.

19. Based on the admissions by DOE-1 and the images found on her computer, DOE-1 was arrested and charged with possession of child pornography in the Eastern District of Virginia.

20. HSI Victim and Witness Specialists interviewed MV-3 who disclosed the sexual abuse in detail.

21. A computer forensic review of DOE-2's computer revealed several pictures of an underage female nude on a bed that are consistent with the description of the images DOE-2 described as those sent by DEMINK and claiming to be DEMINK's daughter "Larissa". The following is a description of those images:

    1. The image depicts a nude female child sitting on a bed with her breasts

and vaginal area exposed.

2. The image depicts the same nude female child lying on a bed with her breasts and vaginal area exposed.

3. The image depicts the same nude female lying on a bed partially on her stomach with her vaginal area exposed.

## CONCLUSION

22. Based on the admissions by DEMINK, the interviews of DOE-1 and DOE-2, the disclosures by MV-1, MV-2, and MV-3, there is probable cause to believe that DEMINK aided and abetted the production of child pornography, in violation of 18 U.S.C. section 2251(a). Moreover, based on the images found on DEMINK's computer, the admissions by DEMINK, and the statements of DOE-2, there is probable cause to believe that DEMINK distributed child pornography, in violation of 18 U.S.C. section 2252A(a)(2). Finally, based on the statements of DEMINK, the forensic review of his computer, and the statements of DOE-1 and DOE-2, there is probable cause to believe that DEMINK knowingly received and possessed child pornography, in violation of 18 U.S.C. sections 2252(a)(2) and (a)(5).

Theodore Wolters
Special Agent, DHS/ICE

Subscribed and Sworn
Before me this 14th day of October 2010

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

9