UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEB 28 2011

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1, STEVEN DEMINK

Defendant.

_____/

No. 10-20676

HON. Gerald E. Rosen

**OFFENSES:**
Counts 2, 6, 10: 18 U.S.C. § 2251,
Production of Child Pornography; and
Counts 3, 7, 11: 18 U.S.C. § 2422(b),
Online Enticement and Coercion

**MAXIMUM PENALTY:**
Counts 2, 6, 10: 15-30 years in prison;
and
Counts 3, 7, 11: 10 years-life in prison

**MAXIMUM FINE:** $250,000 on each
count

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant STEVEN DEMINK and the government agree as follows:

**1.     GUILTY PLEA**

**A.     Counts of Conviction**

Defendant will enter a plea of guilty to **counts 2-3, 6-7, and 10-11** of the Indictment, which charge aiding and abetting the production of child pornography (counts 2, 6, 10), and online enticement (counts 3, 7, 11).

**B.**   **Elements of Offenses**

The elements of Count 2, 6, and 10 are:

> 1.   The defendant employed, used, persuaded, induced, enticed or coerced–or aided and abetted those acts–any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and
>
> 2.   At the time, the victim was a minor; and
>
> 3.   That visual depiction was actually transported across state lines.

The elements of Count 3, 7, and 11 are:

> 1.   Defendant knowingly used a computer to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity for which any person can be charged with a criminal offense;
>
> 2.   Defendant believed that such individual was less than eighteen (18) years of age; and
>
> 3.   Defendant acted knowingly and willfully.

- 2 -

**C.** **Factual Bases for Guilty Pleas**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

Beginning in about April 2009, and continuing through the time of his arrest in September 2010, Defendant Steven Demink met women over the internet using a fake identity and directed these women to commit various sex acts against their own children on camera. Demink created the fictitious character Dalton St. Clair–a trained psychologist who is a single father of a 14 year-old girl. Demink used the Dalton St. Clair persona–which included pictures of a male model made to represent the physical appearance of St. Clair–on the dating website "singleparentmeet.com." Demink then met and befriended single mothers from all over the country on this website.

Using St. Clair's claimed psychological training, Demink convinced at least seven women to sexually assault their children as a form of psychological therapy. Demink would instruct the women to be naked with their children, touch their children, and, in some cases, perform sexual acts on their children. Demink intimated to these women that the result of therapy would be healthier children, and in some cases, promised a dating relationship with the women if they engaged in this sexual activity with the children.

- 3 -

The investigation in this case has revealed that single women in Idaho, Virginia, Florida, Indiana, Illinois, Oregon, and Georgia committed sex acts upon their children at the direction of Demink. The specific details of this conduct, with corresponding counts, is listed below:

Counts 2-3: From April through December 2009, Demink and Rebecca Nail (who was in New Hampshire at that time) chatted online after meeting one another on the dating website singleparentmeet.com. Nail is a single mother of a 15 year-old boy (MV #1). Demink, using the name Dalton St. Clair, chatted with Nail over the internet and persuaded her to commit various sexual acts on her son. Specifically, Nail performed oral sex and engaged in sexual intercourse with her son. Nail took still pictures of this sexual conduct and did so at the direction of Demink. Nail sent the pictures, which the parties agree constitute child pornography, to Demink over email.

Counts 6-7: From November 2009 through December 2009, Demink also met Wendy Beighley (of Idaho) online on the singleparentmeet.com website. Demink (who again used the character Dalton St. Clair) convinced Beighley to perform oral sex on her five year-old son (MV #2) during live webcam sessions that included real-time chatting between Demink and Beighley. Beighley's three year-old daughter (MV #3) was also present during these webcam sessions. For his part, Demink instructed Beighley by using online chatting programs during the live webcam

- 4 -

sessions and watched the sexually illicit conduct committed on Beighley's children.

Counts 10-11: From March 2010 through April 2010, Demink and Candice Miller (of Ft. Meyers, Florida) chatted online and exchanged emails after meeting each other on singleparentmeet.com. Miller has two children, a 13 year-old boy (MV #4) and a nine year-old girl (MV #5). Demink (using the Dalton St. Clair persona) instructed Miller to engage in sexual activity with both of her children, to include fondling, oral sex, and simulated sexual intercourse. Demink also instructed Miller to have her two children engage in sexual acts with one another. Miller photographed the sexually illicit conduct committed on her children, and sent those photographs to Demink via email.

For all of the conduct described above, Demink used the internet, a facility of interstate commerce, to communicate with Nail, Beighley, and Miller. On Demink's home computer, seized by law enforcement in September 2010, were images of Nail's child and Miller's children engaged in illicit sexual conduct. Also on Demink's home computer were hundreds of other child pornography images and videos. All of the internet contact between Demink and the various women took place while Demink was at his residence in Redford, Michigan.

Relevant conduct: Demink, using the Dalton St. Clair persona, met four other single mothers on singleparentmeet.com who similarly sexually abused their children at Demink's direction.

- 5 -

(1)     In late 2008, and continuing into most of 2009, Demink and Autumn Marchant (of Indiana) chatted online after meeting on the singleparentmeet.com website. Demink instructed Marchant to engage in sexual acts with her two children, a 13 year-old girl (MV #6) and a nine year-old boy (MV #7). Specifically, Marchant performed oral sex on MV #7 and had MV #6 touch the genitals of MV #7. All of these acts occurred during live webcam broadcasts between Demink and Marchant.

(2)     From May to October 2009, Demink and Charity Holloway (of Georgia) met on singleparentmeet.com and began an online relationship. Through the course of the relationship, Demink directed Holloway to pose nude with her 15 year-old daughter (MV #8), and her daughter's 15 year-old friend (MV #9). Holloway and the two minor victims posed nude for Demink, and also engage in sexually explicit conduct at his direction. Holloway took still images of the conduct and sent them over the internet to Demink.

(3)     From about October 2009 through December 19, 2009, Demink and Monique Leonard (of a town in Illinois near St. Louis, Missouri) chatted online after meeting on singleparentmeet.com. Demink instructed Leonard to be nude with, and sexually touch, her two daughters ages five (MV #10) and three (MV #11). Leonard took still images of the sexually assaults of MV #10 and MV #11 and sent those images to Demink.

- 6 -

(4)      In January 2010, Demink and Deborah Fisher of Oregon engaged in online chats about the sexual development of Fisher's eight year-old autistic son (MV #12).  Demink convinced Fisher to engage in sexually explicit conduct with her son, including oral sex, as a way to teach him about sex.  Fisher complied, and did so while Demink watched over webcam.  Demink would instruct Fisher–by using a online chat program–on what acts to commit on her son.

2.      **SENTENCING GUIDELINES**

   A.      **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

   B.      **Agreed Guideline Range**

There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is **life in prison**, as set forth on the attached worksheets. Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets.

   C.      **Relevant Conduct**

The relevant conduct in this case includes the information provided above related to the other mothers from Indiana, Georgia, Illinois, and Oregon.

3.    <u>SENTENCE</u>

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing

so must consider the sentencing guideline range.

A.    **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the

top of the sentencing guideline range as determined by Paragraph 2B. However, the

Court **must** impose a sentence of imprisonment on counts 2, 6, and 10 of at least

15 years, and impose a sentence of imprisonment on counts 3, 7, and 11 of at least

10 years.

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court

**must** impose a term of supervised release of no less than **five years**.   The

agreement concerning imprisonment described above in Paragraph 3A does not

apply to any term of imprisonment that results from any later revocation of

supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of **$600** and must provide the

government with a receipt for the payment before sentence is imposed.

- 8 -

### D.    Fine

There is no agreement as to fines.

### E.    Restitution

The Court shall order restitution to every identifiable victim of defendant's offenses and all other relevant conduct. The victims, and the full amounts of restitution in this case, will be determined at the time of sentencing.

### 4.    OTHER PROVISIONS

### A.    Adam Walsh Act

The defendant acknowledges that defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and maintain current registration in each of the following jurisdictions: where the defendant resides, where the defendant is employed, and where the defendant is a student. Defendant acknowledges that defendant must provide his name, residence address, and the names and addresses of any place where defendant is or will be an employee or student, among other information. Defendant further acknowledges that defendant will be required to keep the registration current, including by informing at least one jurisdiction in which defendant resides, works, or is a student not later than three business days after any change of name, residence, employment or student status. Defendant has been advised and understands that failure to comply with these obligations subjects

- 9 -

defendant to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### B. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B) , defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

### 5. OTHER CHARGES

If the Court accepts this agreement, the government will dismiss all remaining charges in this case and the government will not seek additional charges related to the conduct described in this agreement.

### 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the

maximum allowed by Part 3.

7.    **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction.   If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

- 11 -

9.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10.  **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

- 12 -

**11.** **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by **5:00 P.M. on February 17, 2011**. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

BARBARA L. MCQUADE
United States Attorney

KEVIN M. MULCAHY
ASSISTANT UNITED STATES ATTORNEY
CHIEF, GENERAL CRIMES UNIT

HALA Y. JARBOU
ASSISTANT UNITED STATES ATTORNEY

DATE: FEBRUARY 08, 2011

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

TIMOTHY DINAN
ATTORNEY FOR DEFENDANT

STEVEN DEMINK
DEFENDANT

DATE: 2/16/11

- 13 -

| Defendant: | Steven Demink | Counts: | 2 (MV #1) |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(B) | Victim 12-16 years old | +2 |
| 2G2.1(b)(2) | Commission of sex acts | +2 |
| 2G2.1(b)(3) | Offense involved distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

40

*************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*

☐

Rev. 8/2010

| Defendant: | Steven Demink | Count: | 3 *(MV #1)* |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(3) | Base Offense Level | 28 |
| 2G1.3(b)(3) | Use of computer | +2 |
| 2G1.3(b)(4) | Commission of sex acts | +2 |
| | | |
| 2G1.3(c)(1) | Cross reference to USSG § 2G2.1 | 40 |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**40**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| Defendant: | Steven Demink | Counts: | 6 (MV #2) |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Minor under 12 years of age | +4 |
| 2G2.1(b)(2)(A) | Commission of a Sex Act | +2 |
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☐

Rev. 8/2010

| Defendant: | Steven Demink | Count: | 7 (MV #2) |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(3) | Base Offense Level | 28 |
| 2G1.3(b)(3) | Use of computer | +2 |
| 2G1.3(b)(4) | Commission of sex acts | +2 |
| 2G1.3(b)(5) | Minor under 12 years of age | +8 |
| 2G1.3(c)(1) | Cross reference to USSG §2G2.1 | 42 |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.* ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.* ☐

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 6 (MV #3)* |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.  BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Minor under 12 years of age | +4 |
| 2G2.1(b)(2)(A) | Commission of a Sex Act | +2 |
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |
|  |  |  |

**\*   _Special Instruction_: Pursuant to USSG § 2G2.1(d)(1), each minor victim is treated as if named in a separate count of conviction**

## 2.  ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.  ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

42

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_If this is the only Worksheet A, check this box and skip Worksheet B._ ☐

_If the defendant has no criminal history, check this box and skip Worksheet C._ ☐

Rev. 8/2010

| Defendant: | Steven Demink | Count: | 7 (MV #3)* |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(3) | Base Offense Level | 28 |
| 2G1.3(b)(3) | Use of computer | +2 |
| 2G1.3(b)(4) | Commission of sex acts | +2 |
| 2G1.3(b)(5) | Minor under 12 years of age | +8 |
| 2G1.3(c)(1) | Cross reference to USSG §2G2.1 | 42 |

**\*     _Special Instruction_: Pursuant to USSG § 2G1.3(d)(1), each minor victim is treated as if named in a separate count of conviction**

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_If this is the only Worksheet A, check this box and skip Worksheet B._

_If the defendant has no criminal history, check this box and skip Worksheet C._

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 10 *(MV #4)* |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(B) | Minor between ages 12-16 | +2 |
| 2G2.1(b)(2)(A) | Commission of a Sex Act | +2 |
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**40**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☐

Rev. 8/2010

| Defendant: | Steven Demink | Count: | 11 *(MV #4)* |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(3) | Base Offense Level | 28 |
| 2G1.3(b)(3) | Use of computer | +2 |
| 2G1.3(b)(4) | Commission of sex acts | +2 |
| | | |
| 2G1.3(c)(1) | Cross reference to USSG §2G2.1 | 40 |

## 2.   ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

40

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 10 *(MV #5)** |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Minor under 12 years of age | +4 |
| 2G2.1(b)(2)(A) | Commission of a Sex Act | +2 |
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |
|  |  |  |

**\*   *Special Instruction*: Pursuant to USSG § 2G2.1(d)(1), each minor victim is treated as if named in a separate count of conviction**

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☐

Rev. 8/2010

| Defendant: | Steven Demink | Count: | 11 *(MV #5)** |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G1.3(a)(3) | Base Offense Level | 28 |
| 2G1.3(b)(3) | Use of computer | +2 |
| 2G1.3(b)(4) | Commission of sex acts | +2 |
| 2G1.3(b)(5) | Minor under 12 years of age | +8 |
| 2G1.3(c)(1) | Cross reference to USSG §2G2.1 | 42 |

\*   ***Special Instruction*****: Pursuant to USSG § 2G1.3(d)(1), each minor victim is treated as if named in a separate count of conviction**

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*



*If the defendant has no criminal history, check this box and skip Worksheet C.*



| Defendant: | Steven Demink | Counts: | Relevant Conduct *(MV #6–11)** |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Minor under 12 years of age | +4 |
| 2G2.1(b)(2)(A) | Commission of a Sex Act | +2 |
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation with a minor | +2 |

**\*** ***Special Instruction***: **Pursuant to USSG § 2G2.1(d)(1), each minor victim is treated as if named in a separate count of conviction**

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42\***

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\* For those victims under 12 years of age (MV #7, 10, 11), the total offense level is 42;
For those victims over 12 years of age (MV #6, 8, 9), the resulting offense level is 40

*If this is the only Worksheet A, check this box and skip Worksheet B.*

☐

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

# WORKSHEET B   (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):
  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S)   2-3 (MV #1)
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S)   6-7 (MV #2)
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) 6-7 (MV#3)
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) 10-11 (MV #4)
   ADJUSTED OFFENSE LEVEL

5. **GROUP FIVE:** COUNT(S)   10-11 (MV #5)
   ADJUSTED OFFENSE LEVEL

6. **GROUP SIX:** COUNT(S)   All Relevant
   Conduct (MV #6-11)
   ADJUSTED OFFENSE LEVEL



| | |
|---|---|
| 40 | 1 unit |
| 42 | 1 unit |
| 42 | 1 unit |
| 40 | 1 unit |
| 42 | 1 unit |
| 42 | 6 units |

7. **TOTAL UNITS**

| |
|---|
| 11 units |

8. **INCREASE IN OFFENSE LEVEL**

| | |
|---|---|
| 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
| 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
| 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

+5

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

42

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.



47

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):          3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. *(See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)*

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):          2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2))* or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense *(see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A))*.

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):          1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2))* or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B))*.  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

**(WORKSHEET C, p. 2)**

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.



**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.



**5.   TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.


0

**6.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |


I

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

# WORKSHEET D  (Guideline Range)

**1.  (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

 47

**2.  ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

 -3

**3.  TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

 44

**4.  CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

 I

**5.  CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

 49*

b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

I

**\* See USSG § 4B1.5(b)**

**6.  GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.C. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

 LIFE

**7.  STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

 180 months

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

## WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.   <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)



      1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).



      2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

      3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)



      1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

      2.   No more than 3 years (total offense level < 6).

    c.   <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

      The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**



    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).



    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

(WORKSHEET E, p. 2)

## 4.   SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☒   4.   The statute of conviction requires a minimum term of supervised release of _60_ months.

c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

☒   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☐   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $__ .

☐   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $__ .  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐   4.   The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $__ .  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐   5.   Restitution is not applicable.

Rev. 8/2010

| Defendant: | Steven Demink | Counts: | 2-3, 6-7, 10-11 |
|---|---|---|---|
| Docket No.: | 10-20676 | Statute(s): | 18 U.S.C. §§ 2251, 2252A, 2422(b) |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

### a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| __Minimum Fine__ | __Maximum Fine__ |
|---|---|
| $ 25,000 | $ 250,000 |

## 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

    $100.00 for every count charging a felony ($400 for a corporation)
    $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
    $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
    $   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 600   .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

| X | Assets of the defendant will be forfeited. |   | Assets of the defendant will not be forfeited. |
|---|---|---|---|

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.