UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL NO. 10-20676

v.                                     HON. GERALD E. ROSEN

STEVEN DEMINK,
      aka, Dalton St. Clair,

        Defendant.
_____/

**GOVERNMENT'S MEMORANDUM ON RESTITUTION**

The United States of America respectfully submits this Memorandum on the issue of victim restitution in the above-captioned case.[1]

On August 3, 2011, this Court sentenced Defendant Steven Demink to life in prison. As of this date, only two of the victim-families have submitted restitution calculations. The government respectfully requests that the court order full restitution in the amounts listed below pursuant to the mandatory restitution

---

[1] Earlier today, counsel for Demink filed a response to this memorandum. The government had previously sent a copy of this memorandum to counsel for Demink in an attempt to get an understanding or agreement about restitution. It was unclear to the undersigned counsel–prior to this filing by Demink–what Demink's position was on the issue of restitution. Accordingly, the government did not file this memorandum previously. The government apologizes for any confusion this may cause the Court.

statutes of 18 U.S.C. § 3663A and § 2559.

# I

# FACTUAL BACKGROUND OF RESTITUTION AMOUNTS

This Court is familiar with the facts and history of this case. As it relates to restitution, two families have submitted restitution estimates. First, the guardians of the Florida victims–MV #4 and MV #5–submitted an estimate of restitution costs related to feeding, housing, educating, transporting, and otherwise providing for the needs of these two children (ages 14 and 10). The restitution submission includes a deduction for the amount of assistance from the Department of Child Welfare, and their final estimate is $103,576.

The other guardian to submit a restitution request was Trinity Hughes, who spoke at Demink's sentencing hearing. On October 25, 2010, when Ms. Hughes' sister was arrested, two children (MV #6 and MV #7) were dropped off at her home with literally only the shirts on their backs. Ms. Hughes was a student by day and bartender by night at that time. Ms. Hughes quit school, left her nighttime job of bartending, and immediately began searching for a full-time job to reenter the workforce. She found a job that began in January of this year. But from the end of October through the middle of January, Ms. Hughes drained nearly all of

her IRA (totaling $30,000) to provide shelter, food, clothing, furniture, tutoring, health care, and other related costs for these children.  Moreover, each child has been attending therapy sessions once a week at a cost of $100 per session since Ms. Hughes became their guardian.  Although the cost of raising these two children far exceeds her submission, Ms. Hughes's restitution submission is as follows:

| | |
|---|---|
| Initial costs of clothes, bedding, dressers, food, books, etc. | $25,000 |
| Therapy costs for 16 year-old MV #6 ($100/weekly session) | $10,400 |
| Therapy costs for 12 year-old MV #7 ($100/weekly session) | $31,200 |
| Total | $66,600 |

Thus, between the submissions from the guardians for MV #4 and MV #5 ($103,576) and the submissions from Ms. Hughes ($66,600), the restitution amount claimed by the victims of Demink's crimes totals: $170,176.

## II

## APPLICABLE RESTITUTION STATUTES

Two different statutes require restitution be paid to the two victims who have identified their losses.  First, the general mandatory restitution provision of 18 U.S.C. § 3663A(a)(1) provides that the Court must order that "the defendant make restitution to the victim of the offense," including necessary psychological care,

3

transportation expenses incurred as part of the prosecution, and lost income from the same. *See* 18 U.S.C. § 3663A(b)(2), (4). Second, because Demink's convictions involved the sexual exploitation of children, 18 U.S.C. § 2251 et seq. (Chapter 110 of Title 18), the mandatory restitution provisions set forth in 18 U.S.C. § 2259 are also applicable here. Section 2259 provides, in relevant part:

> (a) In general. -- Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> (b) Scope and nature of order.
>     (1) Directions. The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
>     \* \* \*
>     (3) Definition. -- For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for –
>         (A) medical services relating to physical, psychiatric, or psychological care;
>         (B) physical and occupational therapy or rehabilitation;
>         (C) necessary transportation, temporary housing, and child care expenses;
>         (D) lost income;
>         (E) attorney's fees, as well as other costs incurred; and
>         (F) any other losses suffered by the

victim as a proximate result of the offense.

18 U.S.C. § 2559.

Moreover, section 2559 is mandatory and a court "may not decline to issue an order under this section because of the economic circumstances of the defendant," or "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or another source." 18 U.S.C. § 2559(b)(4)(A)-(B). Thus, although Demink will serve a life sentence in prison, and is therefore unlikely to earn the $170,176 necessary to make these victims whole, the order of restitution still must be entered. Demink's criminal conduct caused financial loss to these children and their guardians, and he therefore must be ordered to pay the restitution amount.

And rightfully so. "Congress intended to allow district courts to include future counseling costs in the amount of restitution under section 2259" and that "section 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address long term affects of their abuse." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999). Any amount of money Demink could contribute in the future (through the inmate financial responsibility program or otherwise) will help these families. Therefore, the government

respectfully requests the following order of restitution:

    Trinity Hughes in the amount of $66,600

    Lydia Porter in the amount of $103,576.

               Respectfully submitted,

                BARBARA L. McQUADE
                United States Attorney

                <u>s/Kevin M. Mulcahy</u>

                KEVIN M. MULCAHY
                HALA Y. JARBOU
                Assistant U.S. Attorneys
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-9100

Date: September 13, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Timothy Dinan, Esq.

    s/Kevin Mulcahy
    KEVIN M. MULCAHY
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-9713
    E-mail: Kevin.Mulcahy@usdoj.gov