UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DEMINK,

    Petitioner,

                                        Civ. No.   12-cv-13456
                                        Crim. No. 10-cr-20676
vs.                                        Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on July 20, 2015

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

I.  INTRODUCTION

Petitioner Steven Demink is currently serving a life sentence for various crimes involving the sexual exploitation of minors.  Following his conviction and sentencing, on August 6, 2012, Demink filed the instant §2255 Motion to Vacate, Set Aside, or Correct Judgment.  The Government has responded to Petitioner Demink's Motion.  Petitioner has replied and, by leave, the Government has sur-replied. Having reviewed and considered the Petitioner's and the Government's briefs, and the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule

8 of the Rules Governing Section 2255 Proceedings and Local Rules 7.1(f)(1) and (2), Petitioner's § 2255 motion will be decided "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. BACKGROUND

On November 10, 2010, Petitioner Steven Demink was charged in a thirteen-count Indictment with Conspiracy to Sexually Exploit Children (Counts 1, 5, and 9), Aiding and Abetting the Sexual Exploitation of Children (Counts 2, 6, and 10), Coercion and Enticement of Minors (Counts 3, 7, and 11), Receipt of Child Pornography (Counts 5 and 12), Accessing Child Pornography with Intent to View (Count 8), and Possession of Child Pornography (Count 13). The charges against Demink stemmed from his orchestration of the sexual assaults of 16 child-victims, nationwide, who ranged in age from three to fifteen and included both boys and girls. Several of the victims were also special needs children. Demink perpetrated the crimes by utilizing the fictitious online persona of a psychologist, "Dalton St. Clair," to convince the children's mothers to sexually assault the minors for his own sexual gratification under the pretense of therapy. Demink met and befriended single mothers from all over the country on an internet dating website, "singleparentmeet.com." He ultimately persuaded nine women to sexually assault their own children and stream the acts via a webcam so that Demink could observe and direct their actions online. In some cases, Demink had the mothers take still pictures of this sexual conduct and send these pornographic pictures to Demink

via email. Thousands of images of child pornography were discovered on Demink's home computer.

On February 16, 2011, Demink pleaded guilty pursuant to a Rule 11 Plea Agreement to Counts 2-3, 6-7, and 10-11 of the Indictment, which charged Aiding and Abetting the Sexual Exploitation of Children (Counts 2, 6 and 10) and online Coercion and Enticement (Counts 3, 7 and 11), for the sexual assaults of children committed by three of the mothers at Demink's direction. The remaining charges in the Indictment were dismissed.

On August 5, 2011, Demink was sentenced to concurrent sentences of 360 months on Counts 2, 6, and 10, and Life on Counts 3, 7, and 11. Demink did not appeal his conviction or sentence. (Pursuant to the terms of his plea agreement, Demink waived any right to a direct appeal.) On August 6, 2012, Demink filed the instant Motion to Vacate, Set Aside, or Correct Judgment, pursuant to 28 U.S.C. § 2255.

In his 2255 Motion, Demink asserts three claims for relief, all predicated upon allegations of ineffective assistance of counsel. First, Demink argues that his counsel was ineffective for failing to explain that Demink was charged in Counts 3, 7 and 11 "with actually speaking with the minors," to persuade, induce, entice or coerce them to engage in the prohibited conduct, "and not [merely] aiding and abetting that conduct." [2255 Motion, p. 5, Ground One]. Second, Petitioner claims that his counsel was ineffective "for failing to object to the application of the sentencing guidelines to Mr. Demink." [Motion, p. 6, Ground Two]. Specifically, Demink argues that his counts

3

"should have been grouped by victims" and that "he should not have received the enhancements" for the use of a computer, for distribution, or for the ages of the victims. *Id.* For his third and final contention, Demink alleges that his counsel was ineffective for not explaining the law in relation to the plea i.e., he claims that his lawyer did not explain the Sentencing Guidelines or their application to him, nor did he explain the requirements of proof to sustain a conviction on Counts 3, 7 and 11. [Motion, p. 8, Ground Three].

### III. DISCUSSION

#### A. PETITIONER HAS NOT DEMONSTRATED THAT HE WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL

In all three grounds for relief claimed in his § 2255 motion, Petitioner Demink alleges that he was denied the effective assistance of counsel during the plea process. To establish that he was denied effective assistance of counsel under federal constitutional standards, Demink must satisfy a two-pronged test and overcome the strong presumption that counsel's conduct did not fall below the range of reasonable assistance.

The United States Supreme Court set forth the two-pronged test for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). First, a petitioner must show that his counsel's performance was deficient by showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. To do so, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."

4

*Id.* at 690. The burden to "show that counsel's performance was deficient" always rests squarely on the defendant. *Burt v. Titlow*, __ U.S. ___, 134 S. Ct. 10, 17 (2013).

Second, the petitioner must show that the attorney's deficient performance prejudiced his defense, which requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 690. In order to show prejudice, the petitioner must show that there is a reasonable probability that, absent his counsel's errors, the result of the proceeding would have been different, and the factfinder would have had a reasonable doubt respecting guilt. *Id.* at 695. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Counsel's errors must have been so great that they deprived the petitioner of a fair trial. *Id.* at 687.

The *Strickland* test not only applies to trials but also where the ineffective assistance of counsel claim involves a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366 (1985). Where a guilty plea is involved, the movant must present proof that but for the counsel's acts or omissions and under all of the circumstances, he would not have pled guilty and would have insisted upon a trial. *Id.* at 59.

The two-pronged *Strickland* test, however, need not be satisfied in order of the prongs. If the petitioner "makes an insufficient showing" on one of the prongs, the Court need not consider both components of the inquiry. *Strickland*, 466 U.S. at 697. In cases where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*.

5

A criminal defendant, however, is "not entitled to the most canny lawyer available, only an adequate one." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Simply alleging that an attorney's performance was inadequate is not enough to warrant relief. "[T]he threshold issue is not whether [Petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *Id.* at 229 (emphasis in original). "Counsel is only constitutionally ineffective if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Id.* Surmounting *Strickland's* high bar is never an easy task. *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1408 (2011).

Furthermore, a reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong v. Money*, 143 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998). The petitioner must overcome the presumption that the challenged actions might be considered sound strategy under the circumstances. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). "Strategic choices made after investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.C. at 690. "Judicial scrutiny of a counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

6

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In this case, Petitioner first faults his trial attorney for not explaining that he was not charged as aiding and abetting in counts 3, 7, and 11. Demink claims that he never had any contact with the minor children and consequently he should not have been charged with coercion and enticement under 18 U.S.C. § 2422(b). Demink further argues that his attorney was ineffective in failing to object to the manner in which he was scored under the Sentencing Guidelines. Demink also argues that his trial counsel was ineffective for failing to explain the application of the Sentencing Guidelines to him or the requirements for sustaining a conviction on the coercion and enticement charges.

For the reasons that follow, the Court concludes that Petitioner's claims are without merit.

1. PETITIONER WAS PROPERLY CHARGED WITH COERCION AND ENTICEMENT IN COUNTS 3, 7, AND 11.

Demink first attacks the sufficiency of the online coercion and enticement counts in the Indictment, claiming that the Government should have charged him only with aiding and abetting on those counts. Apparently, Demink believes that the Government would not have been able to meet its burden of proof for these charges because he never had any direct contact with his minor victims, and therefore, his attorney misadvised him to agree to the Plea Agreement with regard to Counts 3, 7 and 11.

There is no legal support for Demink's contention.

18 U.S.C. § 2 provides, in relevant part,

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C. §2(a).

The theory of aiding and abetting is embodied in every federal indictment, regardless of whether it is specifically charged, and is not a distinct substantive crime. *United States v. Floyd*, 46 F. App'x 835, 836 (6th Cir. 2002) (citing *United States v. Maselli*, 534 F.2d 1197, 1200 (6th Cir.1976)).

In *United States v. McGee*, 529 F.3d 691 (6th Cir. 2008), the Sixth Circuit explained

> While all indictments must inform the defendant of the crime with which he or she is charged, *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), we have long held that "[i]n keeping with the provisions of [18 U.S.C.] § 2 ... an indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either." *United States v. Lester*, 363 F.2d 68, 72 (6th Cir.1966); *see also Hill v. Perini*, 788 F.2d 406, 407 (6th Cir.1986) ("[A] defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission although not named in the indictment as an aider and abettor without violating federal due process."); *United States v. Moore*, 460 F.2d 1265, 1266 (6th Cir.1972).

*Id.* at 695.

Thus, the Indictment was not deficient for failing to charge Demink in Counts 3, 7 and 11under a theory of aiding and abetting.

To the extent that Demink is also arguing that his lack of direct contact with the minor victims precluded charging him with coercing and enticing under 18 U.S.C. §

8

2422(b), that argument is equally groundless. While the Sixth Circuit has yet to squarely decide this issue, seven circuits have concluded that a defendant can violate § 2422(b) by communicating through an adult intermediary, without having any direct contact with the minor child. *See United States v. Berk*, 652 F.3d 132, 140 (1st Cir.2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1650 (2012); *United States v. Douglas*, 626 F.3d 161, 164–65 (2d Cir.2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1024 (2011); *United States v. Nestor*, 574 F.3d 159, 162 (3d Cir.2009); *United States v. Caudill*, 709 F.3d 444, 446 (5th Cir. 2013); *United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.2007); *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir.2004). *Cf.,United States v. Harmon*, 593 F. App'x 455, 467 (6th Cir. Nov. 21, 2014) (collecting cases and holding that jury instruction given by the court was "an accurate representation of the law" where the instruction stated: "'It is sufficient for the government to prove Mr. Harmon attempted to persuade, induce, entice, or coerce a minor by communicating with someone he believed was the minor's parent, guardian, or someone else likely to have influence over the minor.'" *Id.*)

The foregoing makes clear that Demink's claim that he was afforded ineffective assistance of counsel because his attorney advised him to plead guilty on Counts 3, 7 and 11 where the Government did not charge him in those counts under an aiding and abetting theory has no merit. The Government did not need to charge Demink with aiding and abetting for him to be punished for violating 18 U.S.C. § 2422(b). Whether charged with the commission of coercing and enticing as a principal offender or as an

9

aider and abettor, he was still punishable as a principal. Similarly, his having communicated solely with the adult guardians of the minor victims did not preclude the Government from charging and convicting him for violation of Section 2422(b). Therefore, Petitioner Demink's attorney did not commit an error by not contesting the indictment or charges in Counts 3, 7 and 11 or in advising him to agree to the Plea Agreement with respect to those counts.

## 2. PETITIONER WAS SCORED CORRECTLY UNDER THE SENTENCING GUIDELINES

Demink also alleges that his attorney was inefficient for failing to object to four errors in the sentencing guidelines calculations. First, he claims that his counts should have been "grouped by victims." Second, Demink contends that he should not have received the enhancement for use of a computer, arguing that it was a necessary element of the offense. Third, Petitioner alleges that he should not have received the enhancement for distribution, claiming that he merely solicited the images. Demink's final contention of error for the sentencing guidelines is that the age of the victim enhancement was counted twice. All of the petitioner's claims of error are without merit.

### A. GROUPING

The Government correctly applied the grouping rules from Chapter 3, Part D of the United States Sentencing Guidelines. Subsection 2G2.1(d)(1) provides the special instruction that, "if the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." USSG § 2G2.1(d)(1). Application

note 5 adds that "Subsection (d)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction." USSG § 2G2.1, app. n. 5. In other words, the grouping of different victims is not allowed. *See* USSG § 3D1.2(d) (counts regarding conduct covered by USSG § 2G2.1 [i.e., the guideline provision for the sexual exploitation of minors/production of child pornography] are specifically excluded from that grouping provision). None of the other grouping provisions from USSG § 3D1.2 apply to Demink's crimes, either.

Demink victimized twelve minor children and for sentencing purposes, each victim was treated as if contained in a separate count of conviction. Demink argues that his counts should have been grouped by his victims. Pursuant to USSG §§ 2G1.3(d)(1) and 2G2.1(d)(1), Demink's minor victims are specifically excluded from the grouping provision of Chapter 3. The sentencing worksheets properly assigned each of Demink's victims to a separate group. Petitioner consequently had 12 groups for sentencing which translated to 12 Units under USSG § 3D1.4. Under USSG § 3D1.4, the offense level is increased by 5 levels when there are 5 or more Units. With 12 different minor victims, Demink correctly received this enhancement and his counsel committed no error by not objecting to it.

   B. USE OF A COMPUTER

Demink also correctly received the 2-point offense level enhancement for use of a

11

computer pursuant to USSG §§ 2G2.1(b)(6)(B)(ii) and 2G1.3(b)(3) for counts 2, 3, 6, 7, 10, and 11. USSG § 2G2.1(b)(6) provides that a person sentenced for violating 18 U.S.C. § 2251 will receive a 2-point enhancement for "the use of a computer or an interactive computer service to…solicit participation with a minor in sexually explicit conduct." USSG § 2G1.3(b)(3) states that 2 points should be added to the sentence level for violation of 18 U.S.C. § 2422(b) "[i]f the offense involved the use of a computer or an interactive computer service to…entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor."

The use of a computer to solicit minors to engage in prohibited sexual during the Petitioner's course of conduct is uncontroverted. The only remaining question is whether the use of a computer is a required element of either § 2251 or § 2422(b) and not applicable for a scoring enhancement. The statute concerning the coercion and enticement counts, 18 U.S.C. § 2422(b), states that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2251(a), production of child pornography, provides that:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the

purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Neither of the two statutes contain the use of a computer as a necessary element. Hence, the Government properly applied the sentence enhancement for use of a computer.

Because the use of a computer is not a necessary element of 18 U.S.C. § 2422(b) or 18 U.S.C. § 2251, and because Enticement and Coercion, and Sexual Exploitation of a Minor/Production of Child Pornography can be committed without the use of a computer, Demink's attorney's performance was not deficient for failing to object to the sentence level enhancements assessed for use of a computer. Such an objection would have been frivolous, and it is well within sound trial strategy to not object on frivolous grounds. Accordingly, Demink was not provided ineffective assistance based upon the sentencing enhancement for computer use.

C. <u>DISTRIBTION</u>

Demink further asserts that the two-level distribution enhancement for violations of 18 U.S.C. § 2251 was incorrectly applied to him, and, therefore, his counsel was ineffective for not objecting to this enhancement during sentencing. The enhancement

applies if "the offense involved distribution" pursuant to USSG § 2G2.1(b)(3). USSG § 2G2.1, app. n. 1 defines "distribution" as:

> [A]ny act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

Under a plain reading of the Application Note, Petitioner's conduct in this matter clearly falls within the definition of distribution of child pornography and counsel committed no errors by failing to object to the enhancement.

The Petitioner did not merely solicit the child pornography. Demink "produced" the pornography by manipulating and coercing the mothers of his victims into sexually assaulting their own children on camera. He demanded that they commit specific acts and ordered that they record them photographically/videographically for his own sexual gratification. Moreover, Demink directed the mothers during the assaults, giving them specific and detailed instructions. Demink was the catalyst in this scheme and the distribution of the images and video was carried out based on his initiative. The government properly applied the distribution enhancement for his conduct.

Accordingly, Petitioner's attorney employed sound legal strategy by not objecting to application of the distribution enhancement. Not raising a frivolous objection does not rise to the level of ineffective assistance of counsel.

D. AGE OF THE VICTIM

The scoring enhancements for the age of the victims were also properly applied to

14

Petitioner at sentencing. Demink argues that the Government applied age enhancements on the counts of conviction for specific minor victims for both being both under and over 12 years of age. Contrary to his assertions, Demink did not receive a sentencing enhancement under both categories.

The convictions for Production of Child Pornography under 18 U.S.C. § 2251 were scored pursuant to USSG § 2G2.1. Under USSG § 2G2.1(b)(1), "if the offense involved a minor who had (A) not attained the age of twelve years, increase by 4 levels; or (B) attained the age of twelve years but not attained the age of sixteen years, increase by 2 levels." The convictions for Online Enticement and Coercion, in violation of 18 U.S.C. § 2422(b), were scored under USSG § 2G1.3. Eight points are scored under USSG § 2G1.3(b)(5) when, "the offense involved a minor who had not attained the age of 12 years."

Thus, Petitioner received scoring enhancements when his minor victims were either under 12 years of age (4-level enhancement) or between the ages of 12 and 16 (2-level enhancement). Demink did not receive the enhancements for both age ranges for any single count of conviction. The Petitioner received either 2 points for the victims between the ages of 12 and 16, or 4 points for the victims under the age of 12. Since the Petitioner was scored correctly, there were no grounds upon which Demink's attorney could object. As a result, the Petitioner's claim of ineffective assistance of counsel is unsubstantiated for this matter.

3.   PETITIONER'S TRIAL COUNSEL WAS NOT INEFFECTIVE DURING THE PLEA BARGAIN PROCESS

For his third and final ground for appeal, Demink claims that his trial counsel was ineffective for failing to explain the application of the Sentencing Guidelines to him or the requirements for sustaining a conviction on the coercion and enticement charges during the plea bargain process. He contends that during the plea bargaining process his counsel failed to explain the errors he previously raised in grounds one and two of his §2255 motion. However, as indicated, Petitioner has failed to show that his counsel committed any errors that established a deficient performance under *Strickland*. As discussed above, *Strickland* applies to claims of ineffective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). In the plea negotiation context, a petitioner must "prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Humphress*, 398 F.3d at 859. Petitioner has failed to demonstrate satisfaction of the first element.

Moreover, at the plea hearing, Demink stated, under oath, that he discussed the charges against him, including the charges to which he pled guilty, with his attorney, and that after this discussion, he was confident that he understood the charges. [2/28/11 Plea Hrg. Tr., p. 11.] Demink further admitted that his attorney explained the provisions of the plea agreement, that he understood the terms of the plea agreement, which incorporated the Sentencing Guideline calculations, that his attorney answered any

16

questions he had, and that he was satisfied with the advice his attorney had given him. *Id.* at p. 12.

After examining the issues raised by Petitioner, the Court has concluded that counsel did not "render constitutionally deficient performance" during the plea process. Petitioner was properly charged in the indictment for Counts 3, 7, and 11 and was scored properly under the United States Sentencing Guidelines on those counts. Demink admitted that his attorney explained the charges and the terms of his plea agreement, which incorporated the sentencing guideline calculations on each charge, that he understood the charges, and and that he was satisfied with the advice his attorney had given him and with his representation, in general. Demink has not raised any issues before this Court that demonstrate a "constitutionally deficient performance" by Demink's attorney. Petitioner's counsel did not commit any error by not objecting to or by not raising frivolous arguments during the plea process. Simply stated, defense counsel's performance during plea bargaining and sentencing was not deficient under *Strickland*.

## IV. CONCLUSION

For all of the reasons set forth above in this Opinion and Order, the Court concludes the Petitioner has failed to demonstrate that he was afforded ineffective assistance of counsel. Therefore,

IT IS HEREBY ORDERED that Petitioner Steven Denink's § 2255 Motion to Vacate, Set Aside or Correct his Sentence **[Crim. Dkt. # 28]** be, and hereby is, DENIED.


Dated: July 20, 2015          s/Gerald E. Rosen
                              Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2015 by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135