UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DEMINK,

Petitioner,                        Nos.   12-CV-13456
                                          10-CR-20676

vs.                                Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

Respondent.
_____/

ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 03, 2015

PRESENT:   Honorable Gerald E. Rosen
                    United States District Judge

Petitioner Steven Demink pleaded guilty pursuant to a Rule 11 Plea Agreement to

three counts of Aiding and Abetting the Sexual Exploitation of Children and three counts

of online Coercion and Enticement, for the sexual assaults of children committed by three

of the mothers at Demink's direction.  He was subsequently sentenced to concurrent

sentences of 360 months on the Aiding and Abetting charges, and Life on Coercion and

Enticement crimes.

Demink thereafter filed a Motion to Vacate, Set Aside, or Correct Judgment,

1

pursuant to 28 U.S.C. § 2255, which the Court denied on July 20, 2015.  Demink

subsequently filed a Notice of Appeal along with a "Request for C.O.A. [Certificate of

Appealability]."  He has also filed an Application for Leave to Proceed on Appeal

Without Prepayment of Fees.

The Court will first determine whether a Certificate of Appealability should issue.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a

certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  Rule 11 of the

Rules Governing Section 2255 Proceedings requires that a district court issue or deny a

certificate of appealability when it enters a final order adverse to the movant.  A COA

may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a claim on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the district court's assessment of the constitutional claim

debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct

a full merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the claims. *Id*. at 336-37.

As the Court found in ruling on Petitioner Demink's § 2255 Motion, Demink has

not made a substantial showing of the denial of a constitutional right as to any of his claims. Accordingly, a certificate of appealability will be **DENIED**.

The Court will also deny Petitioner leave to appeal *in forma pauperis*. As the Sixth Circuit has explained, a prisoner who wishes to appeal from an adverse ruling on a § 2255 motion without paying the required filing fee must make the showing demanded under Fed. R. App. P. 24(a)(1). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). This requires that the *ifp* applicant provide an affidavit which:

> (A)  Shows in the detail prescribed by Form 4 of the [Federal Rules of Appellate Procedure] Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B)  claims an entitlement to redress; and
>
> (C)  states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Although Petitioner Demink's Application appears to satisfy (A) and (B), there is nothing therein that sets forth the issues Demink intends to present on appeal. Although, an exemption to these Application requirements is provided in Rule 24(a)(1) for parties who were "permitted to proceed in forma pauperis in the district-court action" or parties who "were determined to be financially unable to obtain an adequate defense in a criminal case," Demink falls in neither of these categories. Further, this exemption does not apply if "the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith. . . and states in writing its reasons for the

3

certification or finding." Fed. R. App. P. 24(a)(3).

Just as the Court concluded that a certificate of appealability should be denied for lack of a substantial showing of the denial of a constitutional right, the Court likewise determines that Petitioner's attempted appeal from the July 20, 2015 ruling is "not taken in good faith," Fed. R. App. P. 24(a)(3)(A). The Supreme Court has interpreted "good faith" as meaning "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445-446 (1962). The Supreme Court has further defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989). Thus, "to determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v.O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although this standard is more lenient than the standard governing the issuance of a certificate of appealability which requires a finding that "no reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong," *see Slack v. McDaniel,* 529 U.S. at 484-85, the Court nonetheless finds that even this lesser standard is not met here.

For the reasons stated in its July 20, 2015 Opinion and Order, the Court concludes that where, as here, Petitioner's claims were insubstantial and lacking in both evidentiary and legal support, a reasonable person would not suppose that Petitioner Demink's appeal has merit and, thus, finds no good faith basis for appeal. Therefore, Demink's Motion to Proceed *In Forma Pauperis* will be **DENIED**.

4

<u>CONCLUSION</u>

For all of the foregoing reasons,

IT IS HEREBY ORDERED that a Petitioner's Request for a Certificate of

Appealability **[Dkt. # 47]** is DENIED.

IT IS FURTHER ORDERED that Demink's Application to Proceed on Appeal

Without Prepayment of Fees **[Dkt. # 48]** is DENIED.


<u>S/Gerald E. Rosen</u>
Chief Judge, United States District Court

Dated:  November 3, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2015, by electronic and/or ordinary mail.

<u>S/Julie Owens</u>
Case Manager, (313) 234-5135

5